**Hearing Date: March 1, 2022**
                                                  **Hearing Time: 10:30 a.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 7 |
| 225 Development Realty Inc., | Case No. 22-40015 (ESS) |
| Debtor. | |

------------------------------------------------------x

## NOTICE OF HEARING

      PLEASE TAKE NOTICE that upon the annexed Application, William K. Harrington, the United States Trustee for Region 2, will move this Court before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, at the Conrad B. Duberstein Courthouse, United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201 on **March 1, 2022 at 10:30 a.m.** (the "Hearing"), for an Order Dismissing the chapter 7 bankruptcy case of 225 Development Realty Inc. (the "Debtor") With Prejudice and Imposing a Two-Year Bar on Re-filing, and for such other and further relief as this Court may deem just and proper. The original motion is on file with the Clerk of the Bankruptcy Court and can also be obtained from the Office of the United States Trustee, at 201 Varick Street, Suite 1006, New York, New York 10014, attention: Nazar Khodorovsky, Esq.

      PLEASE TAKE FURTHER NOTICE, that as set forth on the Court's official website (www.nyeb.uscourts.gov) (the "Website"), the Hearing will be conducted telephonically pending further order of the Court. Any party wishing to appear at the hearing shall notify the Court at least

24 hours in advance of the Hearing and follow the instructions for telephonic appearance set forth by Judge Stong at https://www.nyeb.uscourts.gov/content/judge-elizabeth-s-stong

PLEASE TAKE FURTHER NOTICE, that all parties seeking to appear at the telephonic hearing must e-mail the Courtroom Deputy at: ess_hearings@nyeb.uscourts.gov at least 24 hours in advance of the scheduled hearing to identify the parties that will appear, as well as an email address where all appearing parties may be reached. All attorneys must also identify the party the attorney represents. Please note that you should call in for the time at which your hearing is scheduled, to avoid missing the call of your case. Depending on where your case is on the calendar, you may have to wait for a time with your phone on mute until your case is called. Instructions to be used to dial in for the telephonic appearance: (i) Dial in Number (888) 808-6929; (ii) Access Code – 8523285; (iii) Announce who you are each time before speaking; (iv) Avoid the use of a speaker phone (use landline if possible); (v) All persons not speaking should mute their phones and (vi) Speak up and enunciate so that you can be heard and understood.

PLEASE TAKE FURTHER NOTICE that any responsive papers should be filed with the Court and personally served on the United States Trustee, at the U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, to the attention of Nazar Khodorovsky, Esq., no later than seven (7) days prior to the return date set forth above.  Such papers shall conform to the Federal Rules of Bankruptcy Procedure and identify the

party on whose behalf the papers are submitted, the nature of the response, and the basis for such response.

Dated: West Orange, New Jersey
       January 25, 2022

                                  WILLIAM K. HARRINGTON
                                UNITED STATES TRUSTEE, REGION 2

                       ***By:***   ***/s/ Nazar Khodorovsky***
                                Nazar Khodorovsky
                                Trial Attorney
                                201 Varick Street, Suite 1006
                                New York, New York 10014
                                Tel. No. (212) 510-0500
                                Fax No. (212) 668-2255

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:

225 Development Realty Inc.,

          Chapter 7

  Debtor.      Case No.  22-40015 (ESS)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### MOTION OF THE UNITED STATES TRUSTEE TO DISMISS THIS CHAPTER 7 CASE WITH PREJUDICE AND IMPOSE A TWO-YEAR BAR ON RE-FILING

TO: THE HONORABLE ELIZABETH S. STONG,
  UNITED STATES BANKRUPTCY JUDGE:

  William K. Harrington, as the United States Trustee for Region 2 (the "United States Trustee"), in furtherance of his duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (5), moves this Court for an order pursuant to 11 U.S.C. §§ 707(a), 349, and 105(a), (a) dismissing the chapter 7 bankruptcy case of 225 Development Realty, Inc. (the "Debtor") case with prejudice and (b) imposing a two-year bar on refiling in any court (the "Motion").  In support thereof, the United States Trustee represents and alleges as follows:

### Introduction

  The United States Trustee brings this motion to dismiss this chapter 7 case with prejudice and impose a two-year bar on refiling in any court, based upon the on-going failure of the Debtor, a repeat filer, which appears to possibly have an interest in real property located at 225 Atkins Avenue, Brooklyn, New York (the "Brooklyn Property") to undertake the steps necessary to comply with the administrative requirements of the Bankruptcy Code.  Specifically, the Debtor, a corporation, has failed to retain an attorney to represent it in this bankruptcy case and

–1–

has repeatedly failed to send representatives to appear at Section 341 meetings of creditors. The Debtor has engaged in a similar pattern of conduct in two prior *pro se* corporate chapter 7 bankruptcy cases, both of which were dismissed (in 2019 and 2020 respectively).

## BACKGROUND

### A.     The Debtor's Prior Bankruptcy Filings

#### i.     Debtor's 2019 *Pro Se* Chapter 7 Case

On April 17, 2019 (the "2019 Case Filing Date), the Debtor filed a *pro se* voluntary chapter 7 bankruptcy case with this Court, entitled *In re 225 Development Realty, Inc.,* 19-42285 (CEC) (the "2019 Case"). The Debtor's petition, which was signed by the Debtor's vice president Derrick Chantel, listed the Brooklyn Property as the Debtor's principal place of business. *See* 2019 Case, ECF Doc. No. 1. The Debtor listed Bayshore Loan Servicing LLC ("Bayshore") as its sole creditor on its creditor matrix. *Id.*

The Debtor never filed its Schedules and its Statement of Financial Affairs (the "SOFA") in the 2019 Case. *See* 2019 Case, ECF Doc. No. 10 (chapter 7 trustee's motion to dismiss the 2019 Case). No representatives of the Debtor appeared at the Section 341(a) meeting of creditors scheduled in the 2019 Case. *Id.*

On June 13, 2019, Debra Kramer, Esq., the chapter 7 trustee of the Debtor in the 2019 Case, filed a motion seeking to dismiss the 2019 Case (the "2019 Dismissal Motion"). *See id.* By order signed on December 16, 2019, the Court granted the 2019 Dismissal Motion and directed the dismissal of the 2019 Case. *See* 2019 Case, ECF Doc. No. 12.

### ii. Debtor's *2020 Pro Se* Chapter 7 Case

On February 26, 2020 (the "2020 Case Filing Date"), the Debtor filed another *pro se* voluntary chapter 7 bankruptcy case with this Court, entitled *In re 225 Development Realty, Inc.,* 20-41164 (CEC) (the "2020 Case"). The Debtor's petition, which was signed by "Cohen Samuel" as the Debtor's "agent", listed the Brooklyn Property as the Debtor's principal place of business. *See* 2020 Case, ECF Doc. No. 1. The Debtor listed Bayview Loan Servicing ("Bayview") as its sole creditor on its creditor matrix. *Id.*

The Debtor never filed its Schedules and its SOFA in the 2020 Case. *See* 2020 Case, ECF Doc. No. 12 (chapter 7 trustee's motion to dismiss the 2020 Case). The Debtor failed to appear at the Section 341(a) meeting of creditors scheduled in the 2020 Case. *Id.* By order signed on June 22, 2020 (the "Lift Stay Order"), the Court modified the automatic stay to allow Bayview to exercise its state law rights with regard to the Brooklyn Property. *See* 2020 Case, ECF Doc. No. 14.

On May 12, 2020, Lori Lapin Jones, Esq., the chapter 7 trustee of the Debtor in the 2020 Case, filed a motion seeking to dismiss the 2020 Case (the "2020 Dismissal Motion"). *See* 2020 Case, ECF Doc. No. 12. By order signed on July 1, 2020, the Court granted the 2020 Dismissal Motion and directed the dismissal of the 2020 Case. *See* 2020 Case, ECF Doc. No. 15.

### B. The Present Case

The Debtor commenced this case by filing a voluntary petition *pro se* under chapter 7 of the Bankruptcy Code on January 5, 2022 (the "Filing Date"). The Debtor did not disclose the 2019 Case and the 2020 Case on the third page of its voluntary petition, although it did note that previous bankruptcy cases had been filed within the last eight years. *See* ECF Doc. No. 1. The

Debtor did not disclose the 2019 Case and the 2020 Case in its statement pursuant to EDNY LBR 1073-2(b). *Id.*

The Debtor's petition in this case was signed by Samuel Cohen as the Debtor's managing member. *Id.* The Debtor listed the Brooklyn Property as its principal place of business. *Id.* On its Schedule A/B, the Debtor listed a single asset: interest in real property located in Bettendorf, Iowa (the "Iowa Property"), which the Debtor values at $500,000. *See* Schedule A/B, ECF Doc. No. 1.

The Debtor listed no unsecured or priority creditors on Schedule E/F. *See* Schedule E/F, ECF Doc. No. 1. On Schedule D, the Debtor listed Bayview as its sole creditor. *See* Schedule D, ECF Doc. No. 1. The Debtor stated that Bayview has a lien on the Brooklyn Property. *Id.* The Debtor listed no co-debtors on Schedule H and no leases or executory contracts on Schedule G. *See* Schedule G, H, ECF Doc. No. 1. The Debtor answered "No" or "None" (as applicable) in response to each question on the SOFA. *See* SOFA, ECF Doc. No. 1.

To date, the Debtor has not appeared by counsel and remains *pro se* in this bankruptcy case. *See* Declaration of Nazar Khodorovsky in Support of the Motion (the "Khodorovsky Declaration"). The Section 341(a) meeting of creditors in the Debtor's case has been scheduled for February 2, 2022.

## ARGUMENT

**A.    There is Cause to Dismiss this Case with Prejudice Because the Debtor Repeatedly Failed to Comply with the Administrative Requirements of the <u>Bankruptcy Code.</u>**

Section 707(a) provides:

> (a) the court may dismiss a case under this chapter only after notice and a hearing and only for cause, including (1) unreasonable delay by the debtor that is prejudicial to creditors; (2) nonpayment of any fees or charges required under chapter 123 of title 28; and (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) section 521, but only on a motion by the United States Trustee.

Pursuant to 11 U.S.C. § 707(a), the Court may dismiss a case for cause which includes, but is not limited to, unreasonable delay by a debtor that is prejudicial to creditors. Although § 707(a) does not list bad faith as an enumerated cause, the statute's use of the term "including" means that the enumerated causes are not exhaustive; consequently, a case may be dismissed under 11 U.S.C. § 707(a) for a lack of good faith in the filing of the Petition. *In re Zick*, 931 F.2d 1124 (6th Cir. 1990); *In re Maide*, 103 B.R. 696 (Bankr. W.D. Pa. 1989); *In re Brown*, 88 B.R. 280 (Bankr. D. Hawaii 1988); *In re Bigham*, 68 B.R. 933 (Bankr. M.D. Pa. 1987); *see also*, *In re Kempner*, 152 B.R. 37 (D. Del. 1993); *In re Hammonds*, 139 B.R. 535 (Bankr. D. Colo. 1992); *In re Jones*, 114 B.R. 917 (Bankr. N.D. Ohio, 1990); *In re Blumenberg*, 263 B.R. 704 (Bankr. E.D.N.Y. 2001). A determination as to the good faith of a bankruptcy filing requires examination of all the facts and circumstances of a particular case. *In re Del Rio Dev., Inc.*, 35 B.R. 127, (B.A.P. 9th Cir. 1983). In particular, it requires an inquiry into any possible abuses of the provisions, purposes, or spirit of bankruptcy law and into whether the debtor genuinely needs the liberal protections afforded by the Bankruptcy Code. *Setzer v. Hot Prods., Inc. (In re Setzer)*, 47 B.R. 340 (Bankr. E.D.N.Y. 1985); *see also In re Lombardo*, 370 B.R. 506, 511 (Bankr. E.D.N.Y. 2007) (noting that a determination of the absence of good faith requires an inquiry into the "totality of the circumstances" surrounding the bankruptcy case).

In this matter, dismissal with prejudice is warranted for several reasons. First, in both the 2019 Case, the 2020 Case, and the present case, the Debtor, a corporation, failed to appear by counsel and remained *pro se*.

The 2019 Dismissal Motion discussed, *inter alia*, the Debtor's failure to obtain counsel as a cause to dismiss the Debtor's case. *See* 2019 Case, ECF Doc. No. 10. Because the 2019 Case was dismissed for, *inter alia*, the Debtor's failure to obtain counsel, the Debtor was aware of the requirement to obtain counsel, yet it filed both the 2020 Case and the present case *pro se* and made no apparent effort to obtain counsel. The Debtor's repeated failure to obtain counsel in three consecutive *pro se* corporate cases warrants dismissal of this case with prejudice. *See Rowland v. Cal. Men's Colony*, 113 S. Ct. 716, 721 (1993); *Jones* v. *Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (a corporation involved in a legal proceeding must be represented by counsel); FED. R. BANKR. P. 9010 (Advisory Committee Note states that the rule does not purport to change prior holdings prohibiting a corporation from appearing *pro se*) (citing *In re Las Colinas Dev. Corp.*, 585 F.2d 7 (1st Cir. 1978)). The same rule applies in the courts of the State of New York. Section 321 of New York's Civil Practice Law and Rules provides explicitly that "a corporation or voluntary association shall appear by attorney." N.Y. C.P.L.R. 321 (McKinney 2001); *see also* 1 WILLIAM H. DANNE, JR., NEW YORK JURISPRUDENCE § 80 (2d ed. 2008), *available at* NYJUR ACTIONS § 80 (Westlaw) (noting that "[w]here the defendant is a corporation or a voluntary association, it can properly be held in default if it fails to appear by attorney.").

Likewise, both in the 2019 Case and the 2020 Case, no representative of the Debtor has appeared to be examined at any Section 341(a) meetings of creditors, thus repeatedly and

willfully denying creditors and other parties-in-interest an opportunity to examine the Debtor's business practices and financial affairs. This repeated failure to submit to examination creates prejudicial delay and provides cause to dismiss this case with prejudice. *See In re Consol. Pioneer Mortgage Entities*, 248 B.R. 368, 378 (B.A.P. 9th Cir. 2000), *aff'd*, 264 F.3d 803 (9th Cir. 2001) (in the chapter 11 context, delay in providing "adequate financial information" is unreasonable and causes prejudicial delay).

The United States Trustee submits that dismissal with a bar to re-filing from any Court for a period of two years is warranted in this case. A dismissal with a two-year bar to re-filing would allow Bayview, the Debtor's secured creditor (and apparently its sole creditor), to fully exercise its state law rights with regard to the Brooklyn Property pursuant to the Lift Stay Order.

## CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order dismissing this chapter 7 case with a bar to re-filing in any court for a period two years and granting such other and further relief as may be deemed just and proper.

Dated: West Orange, New Jersey
January 25, 2022

                            WILLIAM K. HARRINGTON
                            UNITED STATES TRUSTEE, REGION 2

By:   */s/ Nazar Khodorovsky*
       Nazar Khodorovsky
       Trial Attorney
       201 Varick Street, Suite 1006
       New York, New York 10014
       Tel. No. (212) 510-0500
       Fax. No. (212) 668-2255

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:

225 Development Realty Inc.,

          Chapter 7

   Debtor.      Case No.  22-40015 (ESS)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**DECLARATION OF NAZAR KHODOROVSKY IN SUPPORT
OF THE UNITED STATES TRUSTEE'S MOTION FOR AN ORDER
DISMISSING CHAPTER 7 CASE WITH PREJUDICE, IMPOSING TWO-YEAR BAR
<u>ON RE-FILING</u>**

  I am a Trial Attorney for the movant, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee").  Within his Office, I am responsible for monitoring this chapter 7 case captioned above on his behalf.  I make this declaration based on personal knowledge, information and belief formed from records of the Office of the United States Trustee, kept in the ordinary course of its business, and my personal review today of the docket of this case on the PACER information system.  If called, I would testify to the following:

  1. 225 Development Realty Inc. (the "Debtor") commenced this case *pro se* by filing Voluntary petition under chapter 7 of the Bankruptcy Code on January 5, 2022 (the "Filing Date").

  2. A review of the electronic case docket in this matter indicates that the Debtor has failed to appear by counsel and remains *pro se* in this bankruptcy case.

  3. Neither the United States Trustee nor any other party has previously moved for

–1–

the relief requested herein in this chapter 7 case.

I declare under the penalty of perjury that the information contained in this Declaration is true and correct.

Dated: West Orange, New Jersey
January 25, 2022

*/s/ Nazar Khodorovsky*
Nazar Khodorovsky